UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 19-cr-20272-BLOOM/Valle

UNITED STATES OF AMERICA,
        Plaintiff,

vs.

MATTHEW ALEXANDER KING,
      Defendant.
_____/

## DEFENDANT'S MOTION TO BE ADJUDGED INDIGENT FOR COSTS

COMES NOW the Defendant, MATTHEW ALEXANDER KING, by and though undersigned counsel, and moves for the entry of an Order by this Honorable Court, *ex parte*, to declare him indigent for the purposes of necessary costs for trial, under the Criminal Justice Ace, 18 U.S.C. § 3006A (e)(1), and respectfully requests that this matter be set for a hearing as to his indigent status. As grounds for this Motion, the Defendant states the following:

1.      The defendant was indicted in the instant case ("KING2") on May 9, 2019, in a 6-count indictment, charging the defendant during a time period in or about December 2018 through February 13, 2019 as follows:

    (1)     Retaliation against a federal judge.
    (2)     Solicitation to commit a crime of violence against that federal judge.
    (3)     Solicitation to commit a crime of violence against a AUSA.
    (4)     Solicitation to commit a crime of violence against a Special Agent.
    (5)     Solicitation to commit a crime of violence against a cooperating witness.
    (6)     Use of interstate commerce facilities in the commission of murder-for-hire of 8 persons, including those above.

2.      The defendant's charges in the instant indictment ("KING2") arise out of or are related to case no. 18-cr-20591-RAR ("KING1"), in which the defendant entered a guilty plea on October 9, 2018, to one count of use of interstate commerce facilities in the commission of

USA v. King, Case No. 19-20272-BB
Defendant's Motion To Be Adjudged Indigent For Costs
Page 2

murder-for-hire, from on or about June 16, 2018, through on or about June 26, 2018, in Miami-

Dade County, Florida.

<u>"KING1"</u>

3.      In KING1, the defendant underwent at least 2 mental examinations: on September

27, 2018 with Jethro Toomer, Ph. D. (the report of which was issued on October 15, 2018, after

the change of plea), and a forensic psychiatric examination by Michael Maher, M.D. (conducted

on November 11, 2018 and the report issued on January 8, 2019.) In KING1, Maher's forensic

psychiatric evaluation made a diagnosis of "Attention Deficit Disorder, Adult. Personality

Disorder Mixed. Immaturity, characterized primarily by social and relationship limitations

consistent with Autistic Spectrum Disorder," wherein he "demonstrated difficulty, distress, and

frustration when repeatedly asked by the examiner to further explain difficult circumstances of

his life…." The examination noted a head injury when the defendant fell out of bed at 10 months

of age; an automobile accident with associated head and neck injuries at age 6; and a period of

loss of consciousness when he was hit by a foul baseball at age 9. It concluded, among other

things, that he has "limited and impaired understanding of the wrongfulness of his actions," yet

he is "amenable to intervention and treatment…." Toomer's psychological evaluation found

deficits in cognitive, psychological and behavioral functioning that are of long duration, with

below average intellectual functioning, and consistent with the likelihood of organic brain

impairment. (DE 23-1) The defendant has an extensive history of mental incapacity, documented

by a 2007 University of Miami evaluation, diagnosing him with Sluggish Cognitive Tempo, and

Developmental Coordination Disorder, and 2009-2010 IEP's.

4.      In KING1, the defendant was sentenced on January 14, 2019, (during the same

time of the alleged conduct in the instant case, KING2), to imprisonment for 97 months and a

USA v. King, Case No. 19-20272-BB
Defendant's Motion To Be Adjudged Indigent For Costs
Page 3

term of supervised release of 3 years, and to receive mental health treatment while in custody,

based upon issues of diminished capacity presented at sentencing through the above referenced

psychiatric report of Maher. Restitution issues are still pending, for which PSR objections are

due by the Defendant on August 30, 2019. (KING 1, DE 64)

     5.     At or about this time, the defendant was moved from the Special Housing Unit of

the Miami FDC, and has been detained up until recently in the Broward County Jail under

federal custody for restitution proceedings in KING1.

     6.     The defendant is also under state indictment for related charges, in Florida v.

Matthew Alexander King, Case No. 2018-011074FC54. The defendant is also a Respondent in a

TPR proceeding, in Re: The Interest of Oliva King, Case No. 18-15441 TP D203, (Miami Dade

Circuit Court, Juvenile Division)

"KING2"

     7.     As early as February, 2019, the United States commenced another proactive

investigation of the defendant while he was incarcerated at Miami FDC and awaiting his

restitution hearing, using cooperating and/or undercover witnesses, involving emails, mail,

telephonic, and in person communications, which resulted in the instant indictment, according to

the discovery provided in the instant case.

     8.     On August 8, 2019, the undersigned, after having extensively reviewed and

briefed voluminous discovery in the instant case, KING2,  met with the defendant in the

Broward County Jail and reviewed extensive, material evidence with the defendant in the instant

case, KING2.  The undersigned was accompanied by the defendant's counsel in a related state

criminal proceeding, Russell Spatz, Esq., and defendant's counsel in a related state TPR

proceeding, Richard Joyce, Esq. All counsel concur that the defendant's responses to counsel's

USA v. King, Case No. 19-20272-BB
Defendant's Motion To Be Adjudged Indigent For Costs
Page 4

efforts to weigh the evidence and make informed choices indicate impairment on the defendant's part so as to prevent the defense from being ready on September 3.

9.      On August 8, 2019, at this client meeting, the undersigned learned that the defendant's telephone privileges were suspended at the Broward County Jail, and that the defendant was approached by someone representing himself as law enforcement agent conducting another ongoing investigation of the defendant.

10.     The undersigned and both state criminal counsel and state TPR counsel for the defendant also agree that the undersigned needs to be forensically evaluated with details of the evidence, regarding his competency to stand trial and participate in his defense, as well as his competency at the time of the offense.

11.     On August 9, 2019, the undersigned contacted counsel for the government in KING2 and confirmed that the defendant is under another federal investigation for activities that recently occurred at the Broward County Jail.

12.     The undersigned has contacted the Assistant United States Attorney, who does not oppose a continuance for purposes of these evaluations, and further preparation to be completed, and further discovery to be completed regarding the pending investigation.

13.     That the Defendant has been incarcerated since June 26, 2018.

14.     That the father, of the Defendant, Conrad King, has retained undersigned counsel to represent the Defendant in this cause and counsel's legal fees are still being paid.

15.     That the father has raised this money through his employment, and relatives.

16.     That he has exhausted all of his resources.

17.     That the Defendant is financially unable to pay any costs. See Proposed Affidavit attached as an Exhibit to this Motion.

USA v. King, Case No. 19-20272-BB
Defendant's Motion To Be Adjudged Indigent For Costs
Page 5

18.     That the Defendant requires costs for investigation, duplication of discovery, trial subpoenas and transcripts.

19.     Expert witnesses in the fields of Psychiatry, Neurology, and/or Psychology, are necessary to, evaluate the defendant for competency to participate in his defense, stand trial, and/or competency at the time of the alleged offenses, or to present to the jury for an adequate defense. This testimony may also be necessary to impeach the testimony of government witnesses who might testify to the same subject matter.

20.     Without the benefit of expert witness testimony, the undersigned and Defendant will be hampered in effective representation, weighing options of going to trial or entering a plea and presenting an effective defense and/or issues relative to potential sentencing.

21.     The anticipated costs for travel, lodging, witness fees, and document review for the witnesses are currently unknown but experts in this field command substantial fees which the defendant cannot afford.

22.     Section (e) of the Criminal Justice Act provides: "Counsel for a person who is financially unable to obtain investigative, expert, or other services necessary for adequate representation may request them in an ex parte application." 18 U.S.C. § 3006A(e)(1). Under the Act, the Court is required to authorize funds when a defense attorney, whether privately retained or CJA-appointed, "makes a reasonable request in circumstances in which he would independently engage such services [if his client was able to pay for them]." *United States v. Salameh*, 152 F.3d 88, 118 (2nd Cir. 1998) (citing *United States v. Durant*, 545 F.2d 823, 827 (2nd Cir. 1976)). The Court is "obligated to exercise [its] discretion in determining whether such services are necessary." *Id.* (citing *United States v. Oliver*, 626 F.2d 254, 260 (2nd Cir. 1980)).

USA v. King, Case No. 19-20272-BB
Defendant's Motion To Be Adjudged Indigent For Costs
Page 6

WHEREFORE, the Defendant requests this Court declare him indigent for the purpose of

providing him with the costs necessary for effective representation and/or to present his defense,

and set a hearing as necessary on this motion.

I HEREBY CERTIFY that the foregoing was electronically filed with the Clerk using

CM/ECF and copies were furnished electronically to all parties of record this 27 day of

August, 2019.

Respectfully Submitted By:

/s/ Nathan D. Clark
NATHAN D. CLARK
Florida Bar No. 340561
Coral Reef Law Offices, P.A.
17641 S. Dixie Highway
Miami, FL 33157
(305) 255-7500
Email: nclark@coralreeflaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion To Be
Adjudged Indigent For Costs on this 27 day of August, 2019, has been served via the CM/ECF
Southern District of Florida E-Filing Portal to:

Michael Felicetta, Esq.
Assistant U.S. Attorney
Middle District of Florida
Ocala Division
35 SE 1st Avenue, Suite 300
Ocala, FL 34471
T: (352) 547-3600
Email: Michael.felicetta@usdoj.gov

/s/ Nathan D. Clark
NATHAN D. CLARK
Florida Bar No. 340561

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 19-cr-20272-BLOOM/Valle

UNITED STATES OF AMERICA,
          Plaintiff,

vs.

MATTHEW ALEXANDER KING,
          Defendant.
_____/

## AFFIDAVIT

1.     I, MATTHEW ALEXANDER KING, am the Defendant in the above styled cause ad am charged by Indictment with the following 6 counts:

| | |
|---|---|
| I, Retaliation Against a Fed. Official, (U.S. Dist. Ct. Judge R.S.) | (18 U.S.C.§115(a)(1)(B)) |
| II, Solicitation of Crime of Violence (U.S. Dist. Ct. Judge R.S.) | (18 U.S.C.§373(a)) |
| III, Solicitation of Crime of Violence (AUSA D.N.) | (18 U.S.C.§373(a)) |
| IV, Solicitation of a Crime of Violence (Sp. Agent J.G.) | (18 U.S.C.§373(a)) |
| V, Solicitation of a Crime of Violence (A.R.) | (18 U.S.C.§1513(a)(1)(B)) |
| VI, Murder-for-Hire (R.S., D.N., J.G., A.R., R.A., J.M., M.S.) | (18 U.S.C.§1958(a)) |

2.     My Father, Conrad King has retained NATHAN D. CLARK, ESQUIRE to defend me in the Federal District Court for the Southern District.

3.     I have no funds for necessary costs for the preparation of a defense in this cause.

4.     I have _____ dependents.

5.     I have take home income of $_____ paid ( ) weekly ( ) biweekly ( ) semi-monthly ( ) monthly ( ) yearly.

6.     I have other income paid ( ) weekly ( ) biweekly ( ) semi-monthly ( ) monthly ( ) yearly: (check "Yes" and fill in the amount if you have this kind of income, otherwise check "No").

| | | |
|---|---|---|
| Social Security benefits | Yes $ _____ | No |
| Unemployment compensation | Yes $ _____ | No |
| Union Funds | Yes $ _____ | No |

| | | |
|---|---|---|
| Worker's Compensation | Yes $ _____ | No |
| Retirement/Pension | Yes $ _____ | No |
| Trusts or Gifts | Yes $ _____ | No |
| Veteran's Benefits | Yes $ _____ | No |
| Child Support or other regular support | | |
| From family members/spouse | Yes $ _____ | No |
| Rental Income | Yes $ _____ | No |
| Dividends or Interest | Yes $ _____ | No |
| Other kinds of income not on the list | Yes $ _____ | No |

7.      I have other assets:     (check "Yes" and fill in the amount if you have this kind of

income, otherwise check "No")

| | | |
|---|---|---|
| Cash | Yes $ _____ | No |
| Bank Accounts | Yes $ _____ | No |
| Certificates of Deposit or money market accounts | Yes $ _____ | No |
| *Equity in motor vehicles/boats or other tangible | | |
| Property | Yes $ _____ | No |
| List the year/make/model and tag #: _____ | | |
| Savings | Yes $ _____ | No |
| Stocks/Bonds | Yes $ _____ | No |
| Equity in Real Estate (excluding homestead) | Yes $ _____ | No |
| Address of Property: _____ | | |

8.      I have a total amount of liabilities and debts in the amount of $_____.

9.      I receive: (Check "Yes" or "No")

| | | |
|---|---|---|
| Temporary Assistance for Needy | | |
| Families/Cash Assistance | Yes $ _____ | No |
| Poverty – related veterans' benefits | Yes $ _____ | No |
| Supplemental Security Income (SSI) | Yes $ _____ | No |

10.      I have not been released on bail.


_____
Matthew Alexander King

        Sworn and subscribed to before me, the undersigned authority, by Matthew Alexander King, personally known to me (   ) or produced as identification _____ this ___ day of August, 2019.


_____
        Notary Public